Lincoln D. Bandlow, Esq. (CA #170449)
lbandlow@foxrothschild.com
Fox Rothschild LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 18-cv-07084-SK |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO COURT'S ORDER REQUIRING EXPLANATION** |
| vs. | |
| JOHN DOE subscriber assigned IP address 73.15.236.44, | |
| Defendant. | |

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff"), hereby respectfully submits the following response to the Court's February 21, 2018 Order [Dkt. 13]:

**(1)   Why was the wrong ISP identified in Plaintiff's initial application for leave to subpoena a third party?**

It was not.  To learn the Defendant's true identity, on December 20, 2018, Plaintiff filed an *ex parte* application for leave to serve a third party subpoena in advance of the Rule 26(f) conference ("*Ex Parte* Application" or "Application").  Dkt. 8. Plaintiff has reviewed that Application and respectfully states that Plaintiff can find no instance in that Application where it identified any ISP other than Comcast Cable Communications, LLC ("Comcast"), which is the correct ISP in this case.  *See* Dkt. 8, page 9 ("Strike 3 now seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable Communications, LLC"), page 20 ("Strike 3 knows that Comcast Cable is the owner of Defendant's IP address because Maxmind's geolocation service has identified Comcast Cable as the owner.  Moreover, the American Registry for Internet Numbers ('ARIN') identifies Comcast Cable as the owner of the IP address").[1]  In addition, Plaintiff filed a pdf of a Proposed Order along with its *Ex Parte* Application ("Proposed Order").  Dkt. 8-2, page 1 ("Plaintiff has established that 'good cause' exists for it to serve a third party subpoena on Comcast Cable Communications, LLC").[2]  Both the *Ex Parte* Application and the Proposed Order correctly listed Comcast as Defendant's ISP. *See id.*  The very next day, before Plaintiff could e-mail to the Court a Word version of its Proposed Order, the Court granted Plaintiff's *Ex Parte* Application.  However, in its Order granting Plaintiff's Application, the Court's Order inadvertently listed *AT&T* as the ISP, rather than Comcast.[3]

Plaintiff has no personal knowledge of the circumstances that caused this to occur, since Plaintiff's Application, Complaint and Proposed Order all correctly identified Comcast as the ISP.  Plaintiff can, however, venture a guess as to how this must have occurred.  Plaintiff is aware that this Court has had before it other similar Strike 3 matters.  In fact, prior to entering

---

[1] For the Court's convenience, a copy of the Application is attached hereto as Exhibit A.
[2] For the Court's convenience, a copy of the Proposed Order is attached hereto as Exhibit B.
[3] For the Court's convenience, a copy of the Order is attached hereto as Exhibit C.

the Order in this present case, this Court had before it Strike 3 actions 3:18-cv-01210-SK, 3:18-cv-00695-SK, 3:18-cv-01164-SK, 3:18-cv-00698-SK and 3:18-cv-03898-SK.  In all of those actions, this Court entered an order allowing Strike 3 to subpoena the ISP and the ISP in all of those cases was AT&T.  Thus, perhaps this Court's personnel in preparing the Order at issue here simply used a prior form that included AT&T as the ISP rather than Comcast and the person preparing the Order, by using this prior form, simply inadvertently did not make the change from AT&T to Comcast.  Again, as set forth above, the Court's personnel could not have been using a Word version form provided by Plaintiff in this case to issue the Order because the Order was issued before Plaintiff could email a Word version of the Order to the Court.

**(2)    Did Plaintiff actually serve the third party ISP listed in the initial Order with a subpoena?**

Plaintiff did not serve AT&T, the ISP listed in the initial Order with the subpoena.  Instead, on January 11, 2019, assuming that the Order listed Comcast as was set forth in the pdf version of the Order that was filed with the Court, Plaintiff served the Court's Order on Comcast – the correct ISP.  On January 16, 2019, a Comcast representative informed Plaintiff's counsel of the fact that the Order listed AT&T instead of Comcast and Comcast requested a corrected Order be served to allow Comcast to comply with Plaintiff's subpoena.  Thus, to date, Comcast has not complied with Plaintiff's subpoena and Plaintiff has therefore not received any information.

**(3)    Did Plaintiff receive any information from the ISP listed in the initial Order?**

Plaintiff has not received any information from any ISP in this case.  As set forth above, the ISP listed in the Order was not served with the subpoena.

In light of the foregoing and to address this issue, Plaintiff filed a notice with this Court requesting that it issue a corrected order.  Plaintiff is certainly amenable to any process that the Court would deem useful to correct this issue.  No ISP not connected to this matter has been served with anything in this matter.  The correct ISP was served but that ISP simply pointed out

what clearly appears to have been an inadvertent error on the part of Court personnel to simply change AT&T to Comcast from a previously used form.  Accordingly, Plaintiff respectfully requests the court enter a corrected order listing Comcast as the ISP so that it can be provided to Comcast and that this action may proceed.  Strike 3 thanks the Court for its attention to this matter and welcomes any further questions the Court might have on this matter.

Dated: March 4, 2018

Respectfully submitted,

By: _____
Lincoln D. Bandlow, Esq.
FOX ROTHSCHILD LLP

*Attorney for Plaintiff*

Strike 3 Holdings, LLC

Plaintiff's Response to Court Order Requiring Explanation